# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| RONNIE WILLIAMS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-1288-HE |
| ANDREW ORMAND, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Ronnie Williams, a state prisoner appearing pro se, initiated this action under 42 U.S.C. § 1983 alleging that two prison officials lost, stole, or otherwise deprived him of his personal property. *See* Compl. (Doc. No. 1). Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. The undersigned has reviewed the Complaint and recommends the Court dismiss Plaintiff's claims without prejudice for the reasons outlined below.

## I. Standard of Review

The Court must screen Plaintiff's pleading in order to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d

1214, 1217-18 (10th Cir. 2007). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678, 679; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). A pro se plaintiff's complaint must be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "facts on which a recognized legal claim could be based," *id.*, and district courts should not "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corrs.*, 9 F. App'x 967, 970 (10th Cir. 2001).

## II. Plaintiff's Claims

Plaintiff alleges that property belonging to him went missing when he was transferred from the Oklahoma State Reformatory ("OSR") to the Cimarron Correctional Facility ("CCF") in November 2014. Compl. at 1-2.[1] Plaintiff identifies Defendant Ormand as the OSR property officer and Defendant Gillespie as the CCF property officer, and asserts that they violated his due process rights by depriving him of his MP3 player, headphones, extension cord, and wall adapter. *Id.* On November 20, 2014, Defendant Ormand signed a form certifying that these items were in the box of personal property to be transferred with Plaintiff to CCF. *Id.* at 3. The items had gone missing by

---

[1] Citations to the Complaint refer to the Court's CM/ECF pagination.

the time Plaintiff received his property on November 24, 2014. *Id.* Plaintiff does not allege any facts concerning the Defendants' intent to deprive him of his property or suggesting that the deprivation was authorized by an established policy or procedure. *See generally id.* at 1-6. He asks that his "missing property be replaced or substituted with comparable items." *Id.* at 6.

**III.  Analysis**

As the Tenth Circuit has long held, no "due process violation occurs when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy." *Wolfenbarger v. Williams*, 774 F.2d 358, 363 (10th Cir. 1985). Likewise, when adequate post-deprivations remedies exist, there is no due process deprivation when a state employee intentionally deprives an individual of property in a random, unauthorized act. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colo. Dep't of Corrs.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate[] state postdeprivation remedy exists for deprivations occasioned by state employees.").

Plaintiff's pleading, including the documents attached as part of the pleading, indicate that adequate post-deprivation remedies were available, through the prisons' grievance procedures, to address any negligent or intentional property loss. *See* Compl. at 7-33; *see also Frazier v. Flores*, 571 F. App'x 673, 675 (10th Cir. 2014) (finding that plaintiff had an adequate post-deprivation remedy "through . . . the [Colorado Department of Corrections'] prison grievance procedure" and his allegation of "a random

3

and unauthorized deprivation of property under color of state law. . . does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy"); *Amin v. Voigtsberger*, 560 F. App'x 780, 785-86 (10th Cir. 2014) (affirming the district court's dismissal of plaintiff's claim prison officials stole his property because inmate had an adequate post-deprivation remedy through the Colorado Department of Corrections' prison grievance process); *Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012) (holding that plaintiff failed to state a claim against a prison officer "for deprivation of property without due process because [plaintiff] had an adequate post-deprivation remedy through the [Colorado Department of Corrections'] prison grievance system"); *Bishop v. Miller*, No. CIV-15-397-C, 2015 WL 7162897, at *6 (W.D. Okla. Oct. 9, 2015) (R. & R.) (finding that Plaintiff failed to state a claim under § 1983 for the deprivation of his personal property while incarcerated in an Oklahoma prison and collecting cases in support), *adopted*, 2015 WL 7176109 (W.D. Okla. Nov. 12, 2015) (unpublished order).

Although Plaintiff says that officials did not respond to his lost-property claim, Compl. at 4-5, documents attached to the Complaint show that officials made available to him a process for claiming missing property. *Id.* at 8 (directing Plaintiff to file a lost-property form), 11 (suggesting that Plaintiff send a request to his previous facility), 12 (attaching an inventory sheet for Plaintiff), 14-16 (providing the requested receipts showing that Plaintiff purchased the relevant property), 31 (directing Plaintiff to file a lost-property form). And, while he ultimately filed out of time, Plaintiff had a remedy for challenging the alleged lack of response to the property claim form. *Id.* at 25-26, 29-30. Under such circumstances, the undersigned finds that Plaintiff's well-pled allegations are

"insufficient to show that the process was unavailable or inadequate" in this case. *Allen*, 475 F. App'x at 283; *see also Tena v. Linza*, No. 12-cv-03215-MSK-CBS, 2014 WL 1154183, at *1-2, 7 (D. Colo. Mar. 13, 2014) (unpublished order) (dismissing plaintiff's § 1983 claim that confiscation of his radio violated his due process rights because plaintiff's "own pleading acknowledge[d] that he had what the courts have determined to be an adequate post-deprivation remedy available to him through the prison grievance system. That [Plaintiff] did not prevail in the grievance procedure 'in no way affects the procedure's adequacy as a post-deprivation remedy.'" (quoting *Austin v. Lehman*, 893 F. Supp. 448, 454 n.4 (E.D. Pa. 1995) (citing *Jackson v. Cent. N.M. Corr. Facility*, No. 91-2234, 1992 WL 236921, at *2 (10th Cir. Sept. 21, 1992))).

In sum, Plaintiff had an adequate post-deprivation remedy available to him and therefore cannot state a federal due process claim against Defendants for the loss of his property.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends the Court dismiss Plaintiff's Complaint (Doc. No. 1) without prejudice because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 29, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 8th day of July, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE