# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RONNIE WILLIAMS,                        )
                                        )
                    Plaintiff,          )
vs.                                     )            NO. CIV-15-1288-HE
                                        )
ANDREW ORMAND, *et al.,*                )
                                        )
                    Defendants.         )

## ORDER

Plaintiff Ronnie Williams, a state prisoner appearing *pro se*, filed this § 1983 action

alleging that some of his personal property disappeared when he was transferred from the

Oklahoma State Reformatory ("OSR") to the Cimarron Correctional Faculty ("CCF") in

November 2014. Plaintiff has sued Andrew Ormand and Nikki Gillespie, whom he identifies

as the property officers at the two facilities, claiming they deprived him of his property in

violation of his Fourteenth Amendment due process rights. Consistent with 28 U.S.C. § 636,

the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin. He

screened plaintiff's claims pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1),

and has recommended that they be dismissed without prejudice for failure to state a claim

upon which relief can be granted. Plaintiff has objected to the Report and Recommendation.

The magistrate judge determined that plaintiff failed to state a federal due process

claim because he had an adequate post-deprivation remedy available to him. The court

agrees with the magistrate judge that, as long as the state provides a meaningful post-

deprivation remedy, a due process violation does not occur when a state employee

intentionally deprives an individual of property.[1]  Hudson v. Palmer, 468 U.S. 517, 533

(1984).  However, it is not clear from the documents attached to plaintiff's complaint that

adequate post-deprivation remedies were available through the prisons' grievance procedures

to address any property loss plaintiff sustained.  The response plaintiff received from the

Administrative Review Authority, dated July 29, 2015, regarding his attempt to retrieve his

property [CCF 15-177], states that the issue was not grievable, apparently because it involved

"Private prison property."[2]  *See* Doc. #1-33.[3]  While plaintiff may have had access to some

other adequate post-deprivation remedy,[4]  the court concludes it is premature to make that

determination on the basis of the record before it.[5]

Accordingly, the court **DECLINES** to adopt the Report and Recommendation [Doc.

#10] to the extent indicated and refers the matter again to the magistrate judge for further

---

[1]*A negligent deprivation does not violate the due process clause.  Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.").*

[2]*The words "Private prison property" appear to be highlighted on the document.  See Doc. #1-33.  There is no indication prison officials deemed the issue non-grievable because plaintiff sought, in the alternative, monetary relief.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("[A] prisoner must exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process.").*

[3]*Page references to exhibits are to the CM/ECF document and page number.*

[4]*Oklahoma law may provide post-deprivation remedies to plaintiff.  See, e.g., 12 Okla. Stat. § 1571 (replevin); 51 Okla. Stat.  §§ 151-171 (The Governmental Tort Claims Act).*

[5]*As the magistrate judge notes, plaintiff was directed to file a lost property form.  He complied with that directive and took several other steps in an attempt to retrieve his property.  See e.g., Doc. Nos. 1-14, 1-27.  However, the court is not making any determination as to whether plaintiff acted in a timely manner with respect to any process that was available to him.  It notes, though,  that as late as May 6, 2015, a CCF employee, Gillespie, responded to plaintiff's Request to Staff stating: "didn't receive your property.  Next step I will call OSR."  Doc. #1-32.*

proceedings.  28 U.S.C. § 363.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2016.


JOE HEATON
CHIEF U.S. DISTRICT JUDGE